William T. Timmons *et al.*

*v.*

Elias Kidwell *et al.*

*Filed at Springfield April 2, 1894.*

1. Ejectment—*proof of title by plaintiff.* On the trial of an action of ejectment the plaintiff gave in evidence a deed from A to B, dated November 12, 1842, for the land, and a deed from B and wife to C for the premises, and the proof showed that C took immediate possession, and held the same until December, 1868, when he made a verbal sale of the land for $550 to one D., who went into possession, and never paid but a small part of the purchase money. C died, having devised the premises to the plaintiff: *Held,* that the plaintiff, in the absence of proof of a paramount title by the defendants, was entitled to recover.

2. LIMITATION—*under the act of 1839—payment of taxes.* Under the Limitation law of 1839, the continued possession of the land under color of title is not sufficient to create a bar. Another element is required to make paramount title, and that is, seven successive years' payment of taxes in connection with the seven years' possession. The evidence must show payment of the taxes by the holder of the color of title.

3. The law does not require the holder of the color of title to go to the tax collector in person and make payment, but if the taxes are paid by any person for him or her, under his or her title, this will answer the requirements of the law.

4. The taxes must have been paid by or in behalf of the person having color of title and possession, and the burden rests on the party claiming under the Limitation law to establish that fact.

APPEAL from the Circuit Court of Moultrie county; the Hon. EDWARD P. VAIL, Judge presiding.

Mr. R. M. PEADRO, and Messrs. J. R. & WALTER EDEN, for the appellants:

Since the widow of Evans could only transfer her dower interest, which was unassigned, to the owner of the fee, her deed to William A. and Eliza E. Short only operated as a release of her dower to Eliza E. *Hinrichsen* v. *Hodgson*, 67 Ill. 179.

The payment of taxes by William A. Short not being proved to have been for Eliza E. Short, it is insufficient to complete the bar of the statute. *Timmons* v. *Kidwell*, 138 Ill. 18.

The burden is on the party claiming title under payment of taxes, etc., to prove the payment by clear and satisfactory evidence. *Timmons* v. *Kidwell*, 138 Ill. 18; *Perry* v. *Burton*, 111 id. 138; *Hurlbut* v. *Bradford*, 109 id. 397; *Bolden* v. *Sherman*, 110 id. 483.

Mr. W. G. COCHRAN, and Messrs. HARBAUGH & WHITTAKER, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of ejectment, brought by appellants, against appellees, to recover the north-east quarter of the north-west quarter of section 20, township 13, north, range 5, east of the third principal meridian, in Moultrie county. The action was brought October 10, 1888. At the April term, 1890, of the Moultrie circuit court, a trial of the cause resulted in a judgment in favor of appellees, and the appellants prosecuted an appeal to this court, where the judgment was reversed and the cause remanded. (*Timmons et al. v. Kidwell et al.* 138 Ill. 18.) At the November term, 1892, the case was again tried in the circuit court, and judgment rendered in favor of appellants. Appellees paid the costs and took a new trial under the statute, and at the April term, 1893, the cause was again tried before a jury, resulting in a verdict in favor of appellees, and appellants appealed.

On the trial in the circuit court, the plaintiffs, for the purpose of establishing title to the land in controversy, read in evidence the following warranty deeds: Abraham Reedy and wife to Ananias Timmons, dated November 12, 1842, conveying the north-east quarter of the north-west quarter of section 20, township 13, north, range 5, east of the third principal meridian, in Shelby (now Moultrie) county, Illinois, filed for record September 15, 1843, recorded February 8, 1844, in Shelby county, Illinois; a warranty deed from Ananias Timmons and wife to Azariah Timmons, conveying the same premises, dated August 3, 1864, and recorded September 22, 1864, in Moultrie county, Illinois, and also filed for record May 17, 1866, and re-recorded on the same day; the will of Azariah Timmons, of Ross county, Ohio, dated May 29, 1880, admitted to probate in Ross county, Ohio, January 3, 1888, under which the land was devised to appellants. The plaintiffs also proved that when Ananias Timmons purchased he went into possession of the land, and retained possession until

he sold to Azariah Timmons, and the latter took and held possession until the 28th day of October, 1868, when he sold the land, by a parol contract, to T. G. Dodson for $550, payable, $275 December 25, 1869, and $275 payable December 25, 1870. Two notes were taken for the purchase money, and the land was to be conveyed upon their payment. Dodson went into the possession of the land under his contract of purchase, but never paid the notes given therefor, or any part thereof, except the interest on one note for the year 1870, and September 5, 1871, $50, was paid. Timmons died in December, 1887.

When this case was here on the former appeal, where the same evidence had been introduced by the plaintiffs, it was held that they had established a *prima facie* title, which entitled them to recover unless the evidence of defendants showed a paramount title. The decision on the former appeal, the evidence of plaintiffs being the same as before, must be treated as conclusive as to the title established by the plaintiffs. It therefore only remains to be determined whether the defendants succeeded in establishing paramount title. If they did, then the judgment should be affirmed, otherwise it will have to be reversed.

The defendants undertook to establish title by proving color of title, seven successive years' possession and payment of taxes under the act of 1839. In order to show color of title, defendants read in evidence a deed executed December 25, 1868, from T. G. Dodson and wife to Job Evans, which purported to convey the land in controversy. Plaintiffs then proved that Evans, after his purchase, went into possession of the land; that on March 23, 1870, Evans died, leaving a widow, Rebecca, who afterwards married Joseph Wenskill, and one child, Eliza E., who married William A. Short in 1870. The evidence also showed that Short and his wife were in possession of the land from 1871 to 1881. The evidence also shows that Rebecca Wenskill, on August 16, 1871, conveyed

her dower interest in the land to William A. Short and his wife, by deed of that date. The evidence also shows that on the 11th day of November, 1881, William A. Short, and Eliza E., his wife, mortgaged the land to William Elder; that the mortgage was subsequently foreclosed, and the title of the mortgagors passed, by *mesne* conveyances, to the defendants.

The deed from Dodson and wife to Job Evans established color of title in Evans, and upon his death that color of title passed to his daughter, Eliza E. Short. The possession of Short and his wife from 1871 to 1881, as stated before, made out seven successive years' possession held by Eliza E. Short. The defendants therefore established seven years' possession under color of title, as required by the act of 1839 to make out a paramount title. But one other element was required to make paramount title, and that was seven successive years' payment of taxes on the land in connection with the seven years' possession. The evidence shows the taxes were paid for seven successive years, but the evidence fails to show that Eliza E. Short, who held the color of title, paid the taxes, or that they were paid for her, or under her title, on her behalf. The law did not require her to go to the tax collector in person and make payment, but if the taxes were paid by any person for her, under her title, that would answer the requirements of the law.

The defendants called as a witness William A. Short to prove payment of taxes. He testified he paid the taxes from 1871 to 1881, with the exception of two years, when his father paid them. In answer to the question whom he and his father paid the taxes for, he answered, "We paid them to secure the title to the land.

Q. "For the owner of the title?

A. "We had the deed for it.

Q. "The only deed you had was the deed from the widow?

A. "She made us a deed to it.

Q. "What title, if any, did you claim?

A. "I claimed the title from her mother.

Q. "For the dower?

A. "Yes, sir."

The witness also stated that he paid the taxes for himself and wife, and his father also paid for them.   On cross-examination he testified that his wife never furnished any money to pay the taxes, and she did not know whether the taxes were paid or not; that she did not know that his father paid the taxes for two years.   The tax receipts were put in evidence, and the tax books for one or two of the years, but they merely show payment made in the name of William A. Short, except for two of the years, when they were paid by his father.

We do not regard the evidence sufficient to establish seven successive years' payment of taxes by Eliza E. Short, the person who held the color of title.   If Short had testified that he paid the taxes for his wife, that might be regarded as sufficient.   But this he failed to do.   From his evidence he seemed to think that he and his wife held title under the deed from Mrs. Wenskill relinquishing her dower, and the fair import of his evidence was that he paid the taxes under that deed.   That was not sufficient.   As said when the case was here on the former appeal:   "The taxes must have been paid by or on behalf of the person having color of title and possession, and the burden rested on the defendants to establish that fact."

The judgment was not authorized by the evidence, and it will be reversed and the cause remanded.

*Judgment reversed.*